UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 11-58953

MICHAEL E. McINERNEY, *pro se*,                           Chapter 11

        Debtor.                                         Judge Thomas J. Tucker
_____/

## ORDER REGARDING THE BECKER PARTIES'
## MOTION FOR SANCTIONS AGAINST DEBTOR,
## AND ADJOURNING THE JULY 24, 2012 EVIDENTIARY HEARING

      This case came before the Court on June 26, 2012, for a hearing on the motion filed on June 19, 2012 by Charles E. Becker, Becker Ventures, LLC, and Charles E. Becker, Trustee under Trust Agreement of Charles E. Becker Dated September 16, 1977 as Amended (collectively, "Becker"), entitled "Motion to Sanction Debtor by Prohibiting the Introduction of Additional Evidence," (Docket # 273, the "Becker Sanctions Motion"). The Court held a hearing on June 26, 2012, and today the Court has filed a written opinion regarding the motion. For the reasons stated in the Court's written opinion (Docket # 304),

      IT IS ORDERED that:

1. The Becker Sanctions Motion (Docket # 273) is granted to the extent of the relief provided in this Order, and otherwise is denied.

2. The evidentiary hearing currently scheduled for July 24, 2012 is adjourned to **September 25, 2012 at 9:00 a.m.** That evidentiary hearing is regarding (a) confirmation of the Debtor's proposed plan, entitled "Debtor's First Amended Combined Plan of Reorganization and Disclosure Statement" (the "First Amended Plan" (Docket # 155)); and (b) the motion to convert this case to Chapter 7 filed by Charles E. Becker, Trustee under Trust Agreement of Charles E. Becker Dated September 16, 1977 as Amended (Docket # 173, the "Becker Conversion Motion").

3. Becker and the United States Trustee are each granted leave to conduct further discovery regarding the Becker Conversion Motion and confirmation of the First Amended Plan. Such further discovery must be completed no later than August 31, 2012.

4. As part of the further discovery permitted by this Order, Becker and the United States Trustee may seek discovery from the Debtor Michael McInerney and from any other person or entity, including document requests of the Debtor and document subpoenas of other persons or entities, and depositions, including a further deposition of the Debtor.

5. The Debtor must serve a written response to any document request served on him by Becker or by the United States Trustee, and must produce all responsive documents requested, no later than 7 days after service on Debtor of such document request(s).

6. If Becker and/or the United States Trustee choose to further depose the Debtor, in such deposition the Debtor must answer fully, and without objection or evasion, any and all questions, including any and all questions regarding the Debtor's alleged income or business prospects, investments, and/or future sources of income.

7. Debtor must pay the reasonable attorney fees and expenses that Becker has incurred in preparing, filing, and prosecuting the Becker Sanctions Motion (the "Becker sanction amount"), under the following procedures:

    a. No later than July 27, 2012, Becker must file and serve on Debtor an itemization of such attorney fees and expenses.

    b. No later than August 3, 2012, Debtor must file and serve on Becker any objections that he has to the amount of fees and expenses itemized by Becker.

    c. If Debtor does not file any timely objection to Becker's itemization, the Court may enter an order requiring Debtor to pay Becker the fees and expenses in the amounts in Becker's itemization.

    d. If Debtor does file a timely objection to Becker's itemization, the Court will decide whether to set the dispute for hearing, or whether a hearing is unnecessary, in which case the Court will decide the dispute without a hearing.

    e. When the Court enters its order setting the amount of Becker's reasonable attorney fees and expenses, the order will require Debtor to pay such amount to Becker by a specific deadline stated in such order (probably no later than 7 days after entry of the order).

    f. The Court will not begin or hold the evidentiary hearing referred to in paragraph 2 of this Order, and will not consider confirming any Chapter 11 plan proposed by Debtor, unless and until Debtor has first paid the Becker sanction amount in full to Becker.

    g. If Debtor does not pay the Becker sanction amount in full to Becker by the deadline set by the Court (which deadline will be set by future order,) the Court may enter an order denying confirmation of Debtor's First Amended Plan and converting this case to Chapter 7.[1]

---

[1] An inability to pay the Becker sanction amount will not be a defense for the Debtor against the denial of confirmation or conversion, because the actual payment of the Becker sanction amount is a necessary component of remedying the prejudice Becker has suffered due to the Debtor's failure to

8. No later than **September 17, 2012,** the Debtor, Becker, and the United States Trustee must deliver to each other a witness list, an exhibit list, and a copy of all marked exhibits that the party may use at the evidentiary hearing.

9. If the Debtor or any other party fails to fully comply with the deadline and requirements stated in the preceding paragraph of this Order, the Court may sanction such party, including possible monetary sanctions, and possible exclusion of witnesses and exhibits from the evidentiary hearing.

**Signed on July 20, 2012**           **/s/ Thomas J. Tucker**
                                       **Thomas J. Tucker**
                                       **United States Bankruptcy Judge**

---

properly provide discovery, as discussed in the Court's opinion filed today. Unless such prejudice is fully remedied, the appropriate relief under the Becker Sanctions Motion would be denial of confirmation and conversion of this case to Chapter 7.