UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 11-58953

MICHAEL E. McINERNEY, *pro se*,                     Chapter 11

        Debtor.                            Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE BECKER PARTIES'
LATEST MOTION TO SANCTION DEBTOR (DOCKET # 360)**

       This case is before the Court on the motion filed on September 19, 2012 by Charles E. Becker, Becker Ventures, LLC, and Charles E. Becker, Trustee under Trust Agreement of Charles E. Becker Dated September 16, 1977 as Amended (collectively, "Becker"), entitled "Motion to Sanction Debtor," (Docket # 305, sometimes referred to below as the "Second Becker Sanctions Motion"). Debtor filed an objection to the motion, and the Court held a hearing on October 24, 2012. The Court has reviewed the papers filed by the parties regarding the motion, including the items filed by Becker and by the Debtor the day after the hearing (Docket ## 407, 408), and the arguments of the parties made during the hearing. The Court will now rule on the motion, as follows.

       Initially, the Court incorporates by reference everything the Court said in its July 20, 2012 opinion in this case.[1]

       First, Becker alleges that the Debtor has committed a fraud upon the Court. Becker argues here, essentially, that the purported consulting agreement between Debtor and Endura Coatings, LLC dated June 25, 2012, and the purported June 25, 2012 Affidavit of Michael J.

---

[1] Opinion Regarding the Becker Motion for Sanctions Against Debtor, filed July 20, 2012 (Docket # 304).

Stechschulte, each of which the Debtor filed with the Court on June 26, 2012,[2] are fake.

Second, and relatedly, Becker alleges that the Debtor participated in improperly trying to impede and interfere, in various ways, with efforts by Becker's counsel to obtain discovery about the consulting agreement and the Stechschulte affidavit, including discovery from Stechschulte.

The Debtor denies all of these allegations by Becker. The Court concludes that in order to decide the merits of these claims and arguments by Becker, the Court would need to conduct an evidentiary hearing. Because of the Court's ruling on the other grounds argued in the Second Becker Sanctions Motion, however, such an evidentiary hearing will not be necessary — it will not be necessary for the Court to decide the merits of these first two arguments by Becker.

Third, Becker complains that the Debtor failed to comply with the Court's July 20, 2012 Order (the "July 20 Order"), which stated, in pertinent part, the following:

> 8. No later than **September 17, 2012,** the Debtor, Becker, and the United States Trustee must deliver to each other a witness list, an exhibit list, and a copy of all marked exhibits that the party may use at the evidentiary hearing.
>
> 9. If the Debtor or any other party fails to fully comply with the deadline and requirements stated in the preceding paragraph of this Order, the Court may sanction such party, including possible monetary sanctions, and possible exclusion of witnesses and exhibits from the evidentiary hearing.[3]

Becker claims that the Debtor did not deliver to Becker's counsel any witness list, exhibit list, or marked exhibits, by the September 17, 2012 deadline, or ever.

---

[2] These documents were filed as attachments to Debtor's objection to Becker's first motion for sanctions. (Docket # 293).

[3] Order Regarding the Becker Parties' Motion for Sanctions Against Debtor, and Adjourning the July 24, 2012 Evidentiary Hearing, filed July 20, 2012 (Docket # 305) at 2 (bold emphasis in original).

The Debtor admits that he did not deliver any witness list, or any exhibit list, to Becker's counsel or to counsel for the United States Trustee (the "UST"), by the September 17, 2012 deadline, or ever.

Debtor claims that he sent three exhibits ("Debtor's three exhibit documents"), though none of them were marked exhibits, to Debtor's counsel Mr. Foley by email, on September 17, 2012. A copy of the email and its attachments, which Debtor says he emailed to Mr. Foley at 11:34 p.m. on September 17, 2012, is on file at Docket # 408, pdf pp. 2-5. At the hearing, Mr. Foley denied receiving the September 17 email from Debtor. Mr. Foley admitted during the hearing, however, that the Debtor's September 17 email bears a "To" address that is Mr. Foley's correct email address. And it is undisputed that the other "To" addressee of the email, Richard Roble (counsel for the UST), did receive the email and its attachments.

The Court finds it unnecessary to resolve this apparent factual conflict, which might itself require an evidentiary hearing to resolve. This is because the Court can rule on this aspect of the Second Becker Sanctions Motion without resolving the factual conflict just described. The Court's ruling would be the same as what is stated below, even if the Court found as a fact that the Debtor did *not* email or otherwise deliver the Debtor's three exhibit documents to Becker's counsel. The Court will assume that Debtor did do so, for purposes of this opinion.

The Court will address first Debtor's admitted failure to deliver, by September 17 or ever, to either counsel for Becker or counsel for the UST, a witness list for the evidentiary hearing. Debtor says he did not do this because he does not intend to call any witnesses at the evidentiary hearing, *except himself*. Debtor says that he assumed that he did not need to list *himself* as a witness, and that it was obvious to Becker and the UST that Debtor would call himself as a

witness.

This is not a valid excuse for Debtor's failure to deliver a witness list to Becker and the UST, naming himself as a witness, by the September 17 deadline. This is the *second* time that Debtor has violated an order of the Court requiring him to serve a witness list by a stated deadline. In the Court's July 20, 2012 opinion, the Court found that the Debtor had violated the Court's May 3, 2012 order, which required that no later than June 21, 2012, Debtor and Becker deliver to each other "a witness list, exhibit list, and a copy of all marked exhibits that the party may use at" the evidentiary hearing that was then scheduled for June 26, 2012.[4] The Court found that Debtor violated the May 3 Order, by failing to deliver *any* of the required items to Becker.[5] With respect to Debtor's failure to deliver a witness list, the Court noted the following in its opinion:

> In this regard, Debtor stated at the June 26 hearing that as of the June 18 deadline, he did not have any exhibits to present **and his only witness would be himself**. (The consulting agreement between Debtor and Endura Coatings, according to Debtor, was not signed until June 25, 2012.) **There are at least two problems with Debtor's arguments here. First, Debtor was required to serve a witness list, listing himself as a witness, by the June 18, 2012 deadline, and he did not do so.**[6]

When the Court read this passage from the July 20 opinion to the Debtor, during the October 24, 2012 hearing, Debtor said that he had missed it, even though he also said that he had read the Court's July 20 opinion several times. Debtor's apparent carelessness in reading the Court's

---

[4] *See* Order, filed May 3, 2012 (Docket # 215) at ¶ 3.

[5] July 20, 2012 Opinion at 15-16.

[6] *Id.* at 15-16, n. 28 (emphasis added).

4

opinion, however, is no excuse.

Because Debtor intended, and still intends, to call himself as a witness at the evidentiary hearing, Debtor clearly violated the Court's July 20 Order when he failed to deliver a witness list, listing himself as a witness, to Becker and the UST by the September 17, 2012 deadline.

Debtor also clearly violated the July 20 Order, in his admitted failure to deliver to Becker and the UST an exhibit list, and a *marked* copy of Debtor's three exhibit documents, by the September 17 deadline, or ever.

The Court is very surprised that Debtor would fail to comply with the July 20 Order in these ways. Debtor's violations of that Order are outrageous, especially given everything the Court said in its July 20, 2012 opinion, and when Debtor *easily* could have complied with the July 20 Order, by timely delivering to counsel for Becker and the UST a witness list, containing the name of his one witness — himself; *marked* copies of his three exhibits; and a list of his three exhibits. Debtor has offered no good excuse or explanation for his failure to do these simple things. The Court is utterly at a loss to understand it.

The question now is what should the Court do about Debtor's violations of the Court's July 20 Order? Becker seeks a panoply of relief: conversion of this case to Chapter 7; exclusion of evidence; and attorney fees and expenses. The Court's first reaction, and one logical remedy, is for the Court to rule that Debtor may not call any witnesses at the evidentiary hearing, including himself, and may not present any exhibits. But this would be a case-dispositive remedy — for the reasons discussed later in this opinion, such a ruling would lead directly to a denial of confirmation of Debtor's Chapter 11 plan, and conversion of this case to Chapter 7.

The Court discussed the law, and the factors, relevant to the question of remedies in its

5

11-58953-tjt    Doc 412    Filed 11/02/12    Entered 11/02/12 17:16:23    Page 5 of 14

July 20, 2012 opinion (at pp. 16-20), and will not repeat that discussion here. The Court will now apply the factors relevant to the remedy question here, bearing in mind that these factors are not requirements that must be met, but rather are factors to be considered. No one factor is dispositive. *See* July 20, 2012 Opinion at 17 (citations omitted).

**Factor No. 1: whether Debtor's failure to comply with the July 20 Order is due to willfulness, bad faith, or fault.** The answer here, clearly, is yes. The Court finds from the undisputed facts that Debtor's failure to comply with the July 20 Order was willful, in that it was both an "intentional" failure and a "conscious" failure to comply. Debtor had to know that he was failing to comply with the July 20 Order, when he failed to timely deliver to counsel for Becker and the UST a witness list, exhibit list, and marked copies of exhibits. The July 20 Order is absolutely clear. Debtor is a licensed attorney, and from the Court's experiences listening to Debtor argue in hearings in this case, it is clear that Debtor is an intelligent man. And even if Debtor's violation of the July 20 Order were neither an intentional nor a conscious failure, and therefore not "willful," the Debtor certainly was at "fault" in failing to comply with the July 20 Order. "Fault" in this context includes gross negligence. *See Shapiro v. Plante & Moran, LLP (In re Connolly North America, LLC)*, 376 B.R. 161, 183-85 (Bankr. E.D. Mich. 2007). Debtor, at a minimum, was certainly grossly negligent here.

**Factor No. 2: whether Becker was prejudiced by Debtor's noncompliance**. The Court finds that Becker has been prejudiced by Debtor's failure to comply with the July 20 Order, but only in a financial way. The only prejudice Becker has suffered is that Becker has had to incur reasonable attorney fees and expenses in bringing its second sanctions motion (the one now before the Court.) The Court could remedy that prejudice by requiring Debtor to pay Becker

such fees and expenses. This is the limited remedy that the Court chose for Debtor's willful discovery violations and willful failure to comply with the Court's earlier orders, which the Court described in great detail in its July 20, 2012 Opinion. Debtor ultimately had to pay Becker the sum of $4,453.34 for such earlier violations.[7] But imposing this financial remedy took time and delayed the evidentiary hearing on confirmation, since the Court had to resolve a dispute between Debtor and Becker regarding what amount of fees and expenses were reasonable. In doing so the Court, *sua sponte*, had to adjourn the evidentiary hearing on confirmation, from September 25, 2012 to October 30, 2012.[8] (That evidentiary hearing has since been adjourned again, this time to November 13, 2012.)

If the Court were to order this more limited form of attorney fee sanction now, for Debtor's violations of the July 20 Order, it would further delay the evidentiary hearing on confirmation, because the Court would have to determine the reasonable amount of Becker's fees and expenses, and then require Debtor to actually pay that sanctions amount to Becker before the Court would begin the evidentiary hearing. So if the Court once again were to choose this limited form of financial remedy, in order to cure the financial prejudice Becker has suffered, it would cause another form of prejudice to Becker and the other creditors in this case — namely, further delay in the Court beginning the evidentiary hearing.

Other than the forms of prejudice just discussed, Becker appears not to have suffered any prejudice from Debtor's violation of the July 20 Order. Even though Becker's counsel contends

---

[7] Becker paid this amount to Becker on October 18, 2012, after being ordered by the Court to do so by that date. *See* Memorandum Statement Regarding Sanctions Order (Docket # 393); and the Court's orders at Docket ## 375 and 305.

[8] *See* Notice of Adjournment, etc., filed September 18, 2012 (Docket # 358).

that he did not receive Debtor's September 17, 2012 email, Becker's counsel admitted during the October 24, 2012 hearing that he received, *from the UST's counsel*, copies of Debtor's three exhibit documents, no later than about October 3, 2012. And as a practical matter, Becker's counsel has known since at least the time of the June 26, 2012 hearing that Debtor intended to call himself as a witness at the evidentiary hearing — as noted above, Debtor said so during the June 26 hearing. And knowing this, Becker had another opportunity to depose Debtor after the June 26 hearing, and Becker and the UST did depose Debtor again, on August 23, 2012.

**Factor No. 3: whether the Debtor was warned that failure to comply with the July 20 Order could lead to dispositive relief.** The answer is, emphatically, yes. In the July 20 Order itself, the Court stated the following:

> 8. No later than **September 17, 2012,** the Debtor, Becker, and the United States Trustee must deliver to each other a witness list, an exhibit list, and a copy of all marked exhibits that the party may use at the evidentiary hearing.
>
> 9. ***If the Debtor or any other party fails to fully comply with the deadline and requirements stated in the preceding paragraph of this Order, the Court may sanction such party, including possible monetary sanctions, and possible exclusion of witnesses and exhibits from the evidentiary hearing***.[9]

The Court was even more explicit and emphatic in warning the Debtor, specifically, in the July 20, 2012 Opinion. First, the Court made clear to Becker that he was only barely escaping a dispositive sanction at that time:

> The fourth factor above is whether this Court has imposed or considered sanctions less drastic than the non-monetary sanctions Becker seeks. The Court has not previously imposed any sanctions on the Debtor in this case. The Court does consider, now, the

---

[9] July 20 Order (Docket # 305) at 2 (bold italics added).

8

11-58953-tjt    Doc 412    Filed 11/02/12    Entered 11/02/12 17:16:23    Page 8 of 14

> possibility of imposing less drastic sanctions on Debtor. **In so doing, the Court concludes that it should indeed impose sanctions less drastic than what Becker seeks, although it is a very close call. Rather than converting this case to Chapter 7 now; and rather than precluding Debtor from introducing evidence at the evidentiary hearing regarding confirmation, which could be fatal to Debtor's chances of confirming his plan and avoiding conversion to Chapter 7, the Court will instead impose less drastic relief at this time.** Such relief will, in the Court's view, prevent and remedy any prejudice to Becker, while giving the Debtor another chance to fully comply with his discovery and disclosure obligations. **In doing so, the Court is going out of its way to give Becker a full opportunity to try to prove his case for confirmation of the First Amended Plan.**[10]

Then, the Court's opinion concluded with the following very explicit warning to the Debtor:

> **V. A word of warning to the Debtor**
>
> **The Court now cautions Debtor that** if he fails to fully cooperate in discovery at any time after the date of this opinion, or **if he fails to serve a witness list, exhibit list, or exhibit copies by the new deadline being set by the Court,** or if he refuses to answer any question in any further deposition or Rule 2004 examination, **the Court may order more drastic sanctions against Debtor, including denial of confirmation of Debtor's Chapter 11 plan; conversion of this case to Chapter 7; and/or further monetary sanctions.**[11]

**Factor No. 4: whether less drastic sanctions were imposed or considered before dispositive relief was ordered.** The answer is yes. First, the Court considered, and actually imposed, less drastic, non-dispositive sanctions against the Debtor, in the Court's July 20, 2012 Opinion and in the July 20 Order. This is despite the fact that the Court had found that the Debtor had willfully, consciously, and intentionally violated several orders of the Court and his

---

[10] July 20, 2012 Opinion at 19 (emphasis added).

[11] *Id.* at 20 (emphasis added).

discovery obligations.[12] Second, the Court again has considered less drastic sanctions in making the decision that it makes today. Candidly, the Court has struggled in reaching this decision. But in the end, the Court simply cannot tolerate the way in which the Debtor has repeatedly violated this Court's orders in this case.

In reaching its decision now, the Court has considered all of the circumstances, including all of the above factors, and has considered the Debtor's previous and multiple, deliberate failures to comply with his discovery obligations and with several of the Court's orders, all as described in the Court's July 20, 2012 Opinion. Based on all of this, the Court finds and concludes that the appropriate remedy for Debtor's latest willful violations of this Court's orders, *i.e.*, the violations of the July 20 Order, is an order doing all of the following: (1) precluding Debtor from presenting any witnesses (including himself) at the evidentiary hearing on confirmation; (2) precluding Debtor from presenting any exhibits at the evidentiary hearing on confirmation; (3) denying confirmation of Debtor's proposed Chapter 11 plan; (4) converting this case to Chapter 7. The Court will enter such an order.

Of the four components of the relief to be granted, listed above, the Court notes that items 3 and 4 not only are granted directly as sanctions, but also are consequences that flow directly from items 1 and 2 above. And item 2 above flows as a direct consequence of item 1. Thus, item 1 alone would be sufficient to directly lead to the relief in items 2-4. The Court will explain this.

First, if the Court ordered as sanctions here only that the Debtor is precluded from presenting any witnesses, including himself, at the evidentiary hearing on confirmation — *i.e.*,

---

[12] *See id.* at 15-16, 17-18.

10

11-58953-tjt    Doc 412    Filed 11/02/12    Entered 11/02/12 17:16:23    Page 10 of 14

item 1 above — then items 2, 3, and 4 are consequences that all would directly result. If Debtor cannot present any witnesses, then he cannot possibly obtain the admission into evidence of any of his three unmarked exhibits.[13] That is because Becker, and possibly also the UST, would certainly object to such exhibits, rather than stipulate to their authenticity or to their admission into evidence. Becker's counsel made this clear during the October 24, 2012 hearing. And without any witness to authenticate these exhibits, Debtor could not obtain their admission into evidence. *See* Fed.R.Evid. 901(a). None of these exhibits is self-authenticating, under Fed.R.Evid. 902.

Of these three exhibits, the purported June 25, 2012 consulting agreement between Debtor and Endura Coatings is the only evidence of Debtor's claimed source and amount of income in the future. But Becker would not just object to this exhibit on grounds that it is not properly authenticated. Becker also argues at length, in its sanctions motion, that this purported consulting agreement is fake — a fraud on the court. With no witness, such as Debtor, to testify to this document's authenticity as an agreement that was actually signed by Debtor and Endura Coating's "Managing Director" Michael J. Stechschulte, the Debtor could not possibly get this document admitted into evidence at the evidentiary hearing on confirmation.

Another of these three exhibits, Debtor's spreadsheet labeled "Feasibility," could not possibly be admitted into evidence, unless the Debtor presented some evidence to support the monthly income number, and to support and explain the expense numbers, in this spreadsheet. Debtor cannot do this, however, because he will not be permitted to present any witnesses, including himself. (And the only other exhibit of Debtor's three unmarked exhibits is a

---

[13] These three exhibit documents are in the record at Docket # 408, pdf pp. 2-5.

11

11-58953-tjt    Doc 412    Filed 11/02/12    Entered 11/02/12 17:16:23    Page 11 of 14

purported letter from the Detroit Athletic Club, designed to show only that Debtor resigned his membership with that club.)

So without being able to present any witnesses, Debtor also cannot obtain the admission into evidence of any of his exhibits. In short, Debtor cannot present *any* evidence at the evidentiary hearing on confirmation.

That necessarily means that Debtor cannot meet his burden of proving, by a preponderance of the evidence, that his proposed Chapter 11 plan meets all of the requirements for confirmation under 11 U.S.C. § 1129(a) and (b), including the feasibility requirement under § 1129(a)(11), and the good faith requirement under § 1129(a)(3). *See generally* the discussion of these requirements in the Court's July 20, 2012 Opinion, at 5, 15.

That, in turn, means that Debtor's proposed Chapter 11 plan cannot be confirmed.

And that, in turn, means, among other things, that the UST's motion to convert this case[14] to Chapter 7 must be granted. That motion was heard by the Court on October 24, 2012. During the hearing, the Court gave a bench opinion in which it made a partial ruling, and made certain findings, all of which the Court now reiterates and incorporates by reference into this opinion. The Court then scheduled certain unresolved issues for evidentiary hearing. The Court found and ruled that the UST had demonstrated "cause" to convert this case, within the meaning of 11 U.S.C. § 1112(b)(1), including "cause" under §§ 1112(b)(4)(F) and 1112(b)(4)(H). And the Court found and ruled that there may also be "cause" to convert under § 1112(b)(4)(A). In this regard, the Court found that the UST had demonstrated "substantial or continuing loss to or diminution of the estate," within the meaning of § 1112(b)(4)(A), but that the issue of whether

---

[14] Docket # 344, as supplemented by Docket # 380.

the other requirement to show cause under that subsection is met depends on whether the Debtor is able to confirm his plan. (The other requirement for such cause under § 1112(b)(4)(A) is "the absence of a reasonable likelihood of rehabilitation.") Because it is now clear that the Debtor cannot confirm his Chapter 11 plan, cause to convert also is now established under § 1112(b)(4)(A).

As the Court explained in its bench opinion during the October 24, 2012 hearing, even in the presence of cause to convert or dismiss this case, the Court may not convert or dismiss this case if the Debtor meets his burden of establishing all of the requirements under 11 U.S.C. § 1112(b)(2). One of these requirements is that "there is a reasonable likelihood that a plan will be confirmed . . . within a reasonable period of time." 11 U.S.C. § 1112(b)(2)(A). Because it is now clear that Debtor cannot establish this — because he cannot confirm a Chapter 11 plan — Debtor cannot avoid conversion based on 11 U.S.C. § 1112(b)(2).

As between dismissal and conversion, the UST's motion requests conversion, and it is clear that conversion, rather than dismissal, is in the best interests of creditors and the estate, within the meaning of 11 U.S.C. § 1112(b)(1).

For these reasons, conversion to Chapter 7 follows as a direct and necessary consequence of the Court's ruling that precludes Debtor from presenting any witnesses at the evidentiary hearing on confirmation. But as stated above, the Court also is ordering conversion to Chapter 7 directly, as a sanction for Debtor's violations of the July 20 Order.

To the extent Becker's Second Sanctions Motion seeks monetary relief, such as attorney fees and expenses, that relief will be denied. The Court concludes that such monetary relief is not necessary or appropriate, given the relief that the Court *is* granting. And the Court notes that

13

Becker is saving substantial attorney fees and expenses by not having to prepare further for, and attend, an evidentiary hearing on confirmation.

The Court will now enter a separate order that is consistent with this opinion.

**Signed on November 2, 2012**	/s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**