UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 11-58953

MICHAEL E. McINERNEY, *pro se*,                     Chapter 7

        Debtor.                          Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR'S MOTION FOR STAY PENDING APPEAL**

**I. Introduction**

    On November 2, 2012 the Court entered an order which, among other things, converted this case from Chapter 11 to Chapter 7, "effective immediately." The Order is entitled "Order Granting, in Part, the Becker Parties' Latest Motion to Sanction Debtor . . ., Granting the Pending Motions to Convert, and Converting this Case to Chapter 7" (the "November 2 Order").[1] On November 15, 2013, the Debtor filed a motion for reconsideration of the November 2 Order.[2] The Court denied that motion in an order filed on November 16, 2013 (the "November 16 Order").[3] On November 30, 2013, Debtor filed a notice of appeal.[4] Based on the wording of the first paragraph of the notice of appeal, it appears that Debtor has only actually appealed the Court's November 16 Order, denying Debtor's motion for reconsideration, and has not also appealed the November 2 Order, which converted this case to Chapter 7.

---

   [1] Docket # 413. The Court made a minor correction to the November 2 Order, which is not relevant here, in an order filed on November 3, 2012 (Docket # 414).

   [2] Docket # 418.

   [3] Docket # 420. The Debtor's motion for reconsideration also sought a stay pending appeal. The Court's November 16 Order denied that relief, without prejudice, because no notice of appeal had been filed yet.

   [4] Docket # 428.

This case is now before the Court on Debtor's motion for a stay pending appeal, filed on November 30, 2013 (the "Stay Motion").[5] The following parties in interest have filed objections to the Stay Motion: the Chapter 7 Trustee; the creditor Northern Trust Company; and the creditors Charles E. Becker, Becker Ventures, LLC, and Charles E. Becker, Trustee under Trust Agreement of Charles E. Becker Dated September 16, 1977 as Amended (collectively, "Becker").[6]

The Court has reviewed the Stay Motion and the objections, and concludes that a hearing on the Stay Motion is not necessary, and that the motion should be denied, for the reasons stated in this opinion.

## II. Discussion

### A. The relevant factors

Debtor's Stay Motion is based on Fed.R.Bankr.P. 8005, which states, in pertinent part:

> **A motion for a stay of the judgment, order, or decree of a bankruptcy judge**, for approval of a supersedeas bond, **or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance**. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, **the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.** A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate

---

[5] Docket # 430.

[6] Docket ## 437, 439, 440.

> panel may condition the relief it grants under this rule on the filing
> of a bond or other appropriate security with the bankruptcy court. . . .

(emphasis added). The factors that courts must apply in determining whether to grant a motion for a stay pending appeal were discussed at length in *Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). In *Griepentrog,* the Sixth Circuit stated, in relevant part:

> In determining whether a stay should be granted under Fed.R.Civ.P. 8(a), we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.
>
> Although the factors to be considered are the same for both a preliminary injunction and a stay pending appeal, the balancing process is not identical due to the different procedural posture in which each judicial determination arises. Upon a motion for a preliminary injunction, the court must make a decision based upon "incomplete factual findings and legal research." Even so, that decision is generally accorded a great deal of deference on appellate review and will only be disturbed if the court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.
>
> Conversely, a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at

least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Id.* (citations omitted); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343

(6th Cir. 2012)(*per curiam*); *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928

(6th Cir. 2002). Debtor, as the moving party, bears the burden of establishing by a

4

preponderance of the evidence that he is entitled to the stay. *See Husted*, 698 F.3d at 343; *In re Holstine*, 458 B.R. 392, 394 (Bankr. E.D. Mich. 2011). "[A] court's decision to [grant or] deny a Rule 8005 stay is highly discretionary." *Id.* (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).

### B. Consideration of the relevant factors

The Court concludes that Debtor has not satisfied his burden, and that a stay pending appeal should not be granted.

#### 1. Factor No. 1

With respect to the first stay factor, Debtor's Stay Motion says absolutely nothing about the likelihood that Debtor will prevail on the merits of his appeal to the district court. As noted above, it appears that Debtor has not even appealed the November 2 Order, which converted this case to Chapter 7. It is likely that the district court will construe the wording of Debtor's notice of appeal as appealing only the November 16 Order, which denied Debtor's motion for reconsideration of the November 2 Order. The district court's standard of review of the November 16 Order, denying reconsideration and denying relief under Fed.R.Civ.P. 60(b), is not only whether Debtor met the requirements for relief on a motion for reconsideration[7] or for relief under one of the provisions of Rule 60(b), but also whether this Court abused its discretion in denying relief from the November 2 Order.

---

[7] Under LBR 9024–1(a)(3) (E.D. Mich.), which governs motions for reconsideration in this Court, a party who seeks reconsideration of a ruling must "demonstrate a palpable defect by which the court and the parties have been misled," and "show that a different disposition of the case must result from a correction thereof." "To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.,* 417 B.R. 449 (E.D. Mich. 2009).

5

This abuse of discretion standard of review is a very difficult standard for Debtor to overcome, if he is to succeed on appeal:

> An abuse of discretion occurs when [an appellate court is] left with the definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors or where [the trial court] improperly applies the law or uses an erroneous legal standard.

*Paschal v. Flagstar Bank*, 295 F.3d 565, 576-77 (6th Cir. 2002)(internal quotation marks and citation omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000)(citations omitted).

Even if the district court interprets Debtor's notice of appeal as also appealing the November 2 Order, which converted this case to Chapter 7, the standard of review that the district court will employ, in deciding whether to reverse the November 2 Order, also is whether this Court abused its discretion.

This Court certainly is not infallible. But the Court finds that it is very unlikely that the district court will reverse the order converting this case to Chapter 7. The Court continues to believe that its decision was sound, and was not an abuse of discretion, for the reasons stated in the Court's detailed opinion, filed November 2, 2013.[8] Thus the first stay factor weighs strongly against granting a stay pending appeal.

The Court's conclusion about this first stay factor is alone fatal to Debtor's Stay Motion,

---

[8] Docket # 412. The Court made a minor, non-substantive correction to this opinion, in its order filed November 3, 2013 (Docket # 414).

6

11-58953-tjt    Doc 455    Filed 01/30/13    Entered 01/30/13 08:42:32    Page 6 of 9

under the Sixth Circuit's decision in *Griepentrog*, quoted above. There the Sixth Circuit held, among other things, that "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [opposing parties] if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Griepentrog*, 945 F.2d at 154 (citations omitted). Debtor has not made such a showing, so the Stay Motion must be denied for this reason alone.

### 2. Factor No. 2

Nor has Debtor demonstrated that the second stay factor, "the likelihood that the moving party will be irreparably harmed absent a stay," favors a stay pending appeal. Debtor's only argument on this factor is that he fears that unless blocked by a stay pending appeal, the Chapter 7 Trustee may compromise, for less than it is worth, the Debtor's claim against the Becker parties, which Debtor says "is valued at $15 million and is the subject of a pending appeal in the Michigan Court of Appeals."[9] But this is nothing more than speculation. Under *Griepentrog*, "the harm alleged must be both certain and immediate, rather than speculative or theoretical," 945 F.2d at 154 (citation omitted), and Debtor has not shown a likelihood of such harm.

As Becker points out, the Debtor's prepetition claim against Becker, which is property of the bankruptcy estate, may actually be worth *nothing*. It is undisputed that the claim is one which the Debtor *lost* entirely at the state trial court level. Debtor hopes to revive this lost claim on his pending appeal to the Michigan Court of Appeals, but his Stay Motion says nothing to justify any prediction that Debtor will likely succeed in his pending state court appeal.

Even if the claim against Becker does have value, and even significant value, the Debtor

---

[9] Stay Motion (Docket # 430) at 2 ¶¶ 6, 7.

offers no reason why this Court should predict that: (1) the Chapter 7 Trustee likely will agree to settle the claim with Becker *at all*; or (2) that the Trustee likely will agree to settle the claim while the Debtor's appeal (which is now the bankruptcy estate's appeal) remains pending in the Michigan Court of Appeals; or (3) that the Trustee likely will agree to settle the claim for an unreasonably low amount. And as the Trustee and Becker correctly point out, even if the Trustee does seek to settle the claim against Becker, in the exercise of his fiduciary duty and business judgment about what is in the best interests of the creditors, the Trustee will have to seek this Court's approval of any such settlement, by filing a motion under Fed.R.Bankr.P. 9019(a). The Debtor will then have an opportunity to object and be heard regarding the settlement, if he believes that the settlement amount is not fair and reasonable.

For these reasons, the Court finds that the Debtor has failed to demonstrate that there is any likelihood of his suffering irreparable harm absent a stay pending appeal.

**3. Factor Nos. 3 and 4**

Finally, the third and fourth stay factors, namely, "the prospect that others will be harmed if the court grants the stay;" and "the public interest in granting the stay," are both either neutral or weigh against granting a stay pending appeal. A stay pending appeal would unduly delay the Chapter 7 Trustee's ability to administer the assets of this bankruptcy estate, which includes assets other than just the claim against Becker, for the benefit of the Debtor's creditors. Such delay can only harm such creditors; it cannot benefit them. And the public interest, as expressed by Congress in several ways in the Bankruptcy Code, favors the prompt administration of bankruptcy cases. *See, e.g.*, 11 U.S.C. § 704(a)(1)(requiring Chapter 7 trustees to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as

8

expeditiously as is compatible with the best interests of parties in interest"); 11 U.S.C. § 707(a)(1)(which provides as a ground for dismissal of a Chapter 7 bankruptcy case "unreasonable delay by the debtor that is prejudicial to creditors").

Thus, none of the relevant factors weigh in favor of granting a stay pending appeal. In the exercise of its discretion under Fed.R.Bankr.P. 8005, the Court will deny Debtor's Stay Motion.

## III.  Conclusion

For the reasons stated in this opinion, the Court will enter an order denying Debtor's Stay Motion.

**Signed on January 30, 2013**                    **/s/ Thomas J. Tucker**
                                                  **Thomas J. Tucker**
                                                  **United States Bankruptcy Judge**